IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

QINGHUA ZHANG, and
STEVEN CRAIG HEILAND,

           Plaintiffs,

  vs.                                  Case No. 19-4073-SAC

FEDERAL HOME LOAN
BANK OF TOPEKA, et al.,

           Defendants.

MEMORANDUM AND ORDER

The plaintiffs, Qinghua Zhang and Steven Craig Heiland, have filed a *pro se* employment discrimination complaint alleging discriminatory termination and retaliation in violation of Title VII of the Civil Rights Act 1964, 42 U.S.C. § 20003, *et seq.,* against their former employer, Federal Home Loan Bank of Topeka ("FHLB"), and against four individual defendants, Mark E. Yardley, Patrick Doran, Amanda Kiefer, and Michael Surface. The plaintiffs are now represented by counsel who has entered her appearance and filed responses to the following motions: individual defendants' Rule 12(b)(6) motion to dismiss (ECF# 12), all defendants' Rule 12(b)(6) motion to dismiss Heiland's claims (ECF# 14), and all defendants' Rule 12(f) motion to strike. The motions are ripe for decision.

The well-established standards governing a motion under Rule 12(b)(6), *Mayfield v. Bethards,* 826 F.3d 1252, 1255 (10th Cir. 2016), were followed along with affording the *pro se* complaint a liberal construction. At

the same time, the court will no longer afford this pleading a liberal construction, because the plaintiffs now have counsel who has had sufficient time to seek to amend the complaint for any necessary deficiencies. *See Espinoza v. Raemisch*, 2019 WL 1455201, at *3 (D. Colo. Apr. 2, 2019) (court found that counsel adopted the pro se complaint as if filed by him after an ample opportunity to amend had passed). In deciding the defendants' Rule 12(f) standard, the court followed the exhaustive standards set out in *Martinez v. Naranjo*, 328 F.R.D. 581, 590–93 (D.N.M. 2018).

INDIVIDUAL DEFENDANTS' MOTION TO DISMISS (ECF# 12)

The individual defendants rightly argue they are not employers under Title VII liable in an individual capacity. As the plaintiffs have named and sued directly the FHLB as the Title VII employer, the individual defendants contend any suit against them in a representative capacity action would be superfluous. The plaintiffs have not filed a response contesting the individual defendants' request to be dismissed with prejudice. The court shall grant this motion as uncontested and appropriate on its face. D. Kan. Rule 7.4(b).

FHLB'S MOTION TO DISMISS HEILAND'S CLAIMS (ECF# 14)

The defendant argues that the plaintiffs' complaint fails to allege facts constituting a claim on which he would be entitled to relief. Specifically, Heiland's claim of being "retaliated" against insufficiently alleges engaging "in any conduct protected by Title VII's anti-retaliation provisions." ECF# 15,

2

p. 2. FHLB contends the plaintiff's opposition claim must allege more than being a witness to alleged discrimination unless there is a close familial or spousal relationship of which there is none here.

In refuting that his *pro se* complaint adequately alleges a retaliation claim based on protected activity, Heiland argues:

> Plaintiff Heiland clearly supported Plaintiff Zhang's employment discrimination claim when Zhang was wrongfully terminated on March 5, 2019. <u>Thereafter, on April 3, 2019, Defendants were informed that Plaintiff Heiland was specifically identified by representatives of Plaintiff Zhang as a supporting witness to the unlawful actions of the Defendants.</u> Approximately one week later, on April 11, 2019, the Defendants were informed that Plaintiff Zhang would not accept the severance offered by the Defendant (which Zhang believed contained a unique, if not illegal, restriction_ and that he intended to pursue his suit against the Defendant to which Plaintiff Heiland was a supporting witness. The following day, Plaintiff Heiland was placed on administrative leave after which he was summarily termination on April 29,2019. Plaintiff Heiland clearly opposed discrimination in the workplace, the most recent opposition being to the discriminatory discharge of Plaintiff Zhang to which he was specifically named as a witness.

ECF# 27, pp. 4-5 (underlining added). The underlined sentence is an allegation not found in the complaint. For that matter, the plaintiff also argues additional allegations of protected activity found in his most recent EEOC charge of discrimination but not yet included in the complaint.

In deciding the motion, the court looks at what has been alleged in the complaint. This includes that the plaintiff Zhang in meeting with Human Resources officials and alleging his supervisor discriminated against minorities named Heiland as a witness to the supervisor's discrimination and "strongly encouraged" his employer to interview Heiland who would confirm

3

Zhang's reports. ECF# 1, at p. 6. The complaint also alleges that Zhang was terminated and that he subsequently refused a severance package on April 11, 2019, and informed the FHLB that he would "pursue a lawsuit." *Id*. at p. 7. The complaint further includes that Heiland was "surprisingly and unexpectedly" put on administrative leave for vague reasons and then was terminated without providing details in support of the vague reasons. *Id*. The complaint concludes with the allegation that "Mr. Heiland is retaliated against for innocently being the witness." *Id.*

Title VII makes it an unlawful employment practice to discriminate against an employee "because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). The Tenth Circuit has held:

> Courts have held that the "participation clause" protects an employee who: (1) defends himself against charges of discrimination, *id*. at 203, 205; (2) involuntarily participates as a witness in a Title VII proceeding, *see Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1186–89 (11th Cir.1997); and (3) "actively participate[s]" in assisting a co-worker to assert her Title VII rights, *Eichman v. Ind. State Univ. Bd. of Trs.*, 597 F.2d 1104, 1107 (7th Cir.1979).

*Kelley v. City of Albuquerque*, 542 F.3d 802, 813 (10th Cir. 2008). The plaintiff Heiland's claim does not allege participation in a formal EEOC proceeding. *See Poff v. Okla. ex rel. Okla. Dep't of Mental Health & Substance Abuse Servs.*, 683 F. App'x 691, 703 (10th Cir. 2017) (citing *See Littlejohn v. City of N.Y.*, 795 F.3d 297, 316 (2d Cir. 2015) ("[T]he

4

participation clause only encompasses participation in formal EEOC proceedings; it does not include participation in an internal employer investigation unrelated to a formal EEOC charge." (internal quotation omitted)); *see also Mackley v. TW Telecom Holdings, Inc.*, No. 12-2774-SAC, 2013 WL 1502034, at *3 (D. Kan. April 10, 2013) (the court followed as well-reasoned the approach taken by district courts in the Tenth Circuit that, "the participation clause does not extend its protection to internal investigations conducted before Title VII proceedings begin"); *see also Westby v. BKD CPAs & Advisors, LLP*, 18-CV-01933-CMA-STV, 2019 WL 3292180, at *5 (D. Colo. Feb. 8, 2019), *report and recommendation adopted*, 2019 WL 2576530 (D. Colo. June 24, 2019).

Title VII also makes it an unlawful employment practice to discriminate against an employee "because he has opposed any practice made an unlawful employment practice." 42 U.S.C. § 2000e-3(a). The Tenth Circuit has summarized:

> The Supreme Court has defined "oppose" in this context by looking to its ordinary meaning: "to resist or antagonize; to contend against; to confront; resist; withstand, … to be hostile or adverse to, as in opinion." *Crawford v. Metro. Gov't of Nashville & Davidson Cty.*, 555 U.S. 271, 276, 129 S.Ct. 846, 172 L.Ed.2d 650 (2009) (citations and ellipsis omitted). Under this broad definition, "[w]hen an employee communicates to her employer a belief that the employer has engaged in a form of employment discrimination, that communication virtually always constitutes the employee's opposition to the activity." *Id.* (quotation marks, ellipsis, emphasis, and citation omitted); *see also Hertz v. Luzenac Am., Inc.*, 370 F.3d 1014, 1015 (10th Cir. 2004) ("Protected opposition can range from filing formal charges to voicing informal complaints to superiors.").

5

*Hansen v. SkyWest Airlines*, 844 F.3d 914, 925–26 (10th Cir. 2016). The Supreme Court in *Crawford* also said,

> "Oppose" goes beyond "active, consistent" behavior in ordinary discourse, where we would naturally use the word to speak of someone who has taken no action at all to advance a position beyond disclosing it. Countless people were known to "oppose" slavery before Emancipation, or are said to "oppose" capital punishment today, without writing public letters, taking to the streets, or resisting the government. . . . There is, then, no reason to doubt that a person can "oppose" by responding to someone else's question just as surely as by provoking the discussion, and nothing in the statute requires a freakish rule protecting an employee who reports discrimination on her own initiative but not one who reports the same discrimination in the same words when her boss asks a question.

555 U.S. at 277–78. Courts have held that, "simply being listed as a witness on an internal complaint form, without actively volunteering to serve as a witness or offering some indication of the nature of the proposed testimony does not constitute 'opposition under Title VII." *Thampi v. Manatee COunty Board of Com'rs*, 384 Fed. Appx. 983, 990 (11th Cir. 2010), *cert. denied*, 562 U.S. 1219 (2011); *see Wimbley v. Doyon Security Services, LLC*, 2014 WL 4376148, at *6-*8 (S.D. Fla. Sep. 4, 2014)(Not protected activity to be listed as a witness willing to testify as truthfully and neutrally in a co-employee's case, the plaintiff must allege he would have opposed the defendant's unlawful practice and his opinion must have been disclosed to the defendant.)

The question here is whether Heiland has alleged some element of opposition simply by being mentioned as a witness. The complaint alleges that Zhang named Heiland as a witness and encouraged the employer to

interview him regarding the discriminatory behavior of Mr. Surface. The complaint does not allege that Heiland volunteered to serve as a witness. Nor does it allege that he would have participated in the internal investigation by communicating his opposition or criticism of Mr. Surface's treatment as discriminatory. Simply passing on a neutral report or information about another employee's complaint is not enough. *See Irons v. Bedford-Stuyvesant Community Legal Services*, 2015 WL 5692860 at *19 E.D.N.Y. Sep. 28, 2015).

      The plaintiff Heiland's allegations in the complaint are too thin to sustain a retaliation claim based on being listed as a fact witness to discriminatory behavior without more to show opposition as in volunteering to be a witness and to having his opinion opposing discriminatory behavior disclosed to the employer in some manner. The plaintiff's response refers to other protected opposition including statements to supervisors. Because these are not yet alleged in the complaint, they cannot cure the deficiencies. The Tenth Circuit's rule is that "dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Gee v. Pacheco*, 627 F.3d 1178, 1188 (10th Cir. 2010) (internal quotation marks and citation omitted). "[T]he district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim." *Curley*

7

*v. Perry*, 246 F.3d 1278, 1284 (10th Cir.), *cert. denied*, 534 U.S. 922 (2001); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[T]he plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint." (citation omitted)). The plaintiff Heiland is afforded 20 days to file an amended complaint to cure the pleading deficiencies.

FHLB'S MOTION TO STRIKE

FHLB seeks to strike the following two allegations from the plaintiffs' complaint:

> On the afternoon of April 11, 2019, he [Zhang] informed the bank that he won't sign the severance agreement (containing extensive limitations described further below) and will pursue a lawsuit. . . . . Both Mr. Zhang and Mr. Heiland declined a generous severance package as an exchange for signing a very unique restrictive severance agreement containing unusual if not illegal extensive limitations that would essentially prevent future contact with the employer's very important regulatory authorities that highly monitor the employer's management, business and ethics activities that also incorporates diversity and minority inclusion examinations.

ECF# 1, p. 7. The defendant argues the allegations concern inadmissible evidence that suggest the defendant potentially violated duties owed to regulatory authorities. The defendant sees the allegations as being no more than an effort to inflame public opinion on matters immaterial to the plaintiff's Title VII claims. The defendant asks the court to strike these allegations to prevent issue confusion and to avoid prejudice to the defendant.

The plaintiffs dispute the allegations are immaterial or are only offered for their possible inflammatory character. The plaintiff Zhang sees the allegations as consistent with and related to his claim in that while employed he challenged surveys and results intended to detect discriminatory treatment and that he was retaliated against for such efforts. The plaintiffs contend admissibility into evidence is not governing standard for Rule 12(f) relief. As alleged in the complaint, the plaintiffs' opinions over the unusual and potential illegal character of these limitations in the severance packages are relevant to their decisions declining the offered packages.

Because motions to strike are generally disfavored and the remedy of striking is regarded as a drastic remedy, the defendants have a difficult burden which they have not carried here. The allegations have not been shown to lack any possible bearing on the claims here. The prejudice to the defendant from these allegations cannot be said to unfair or unnecessarily inflammatory particularly when the plaintiff's claims include allegations that the defendant retaliated for reporting discrimination. Inadmissibility is not a foregone conclusion here and, therefore, is not decisive of the defendant's motion. The court denies the defendant's motion to strike.

IT IS THEREFORE ORDERED that the individual defendants' Rule 12(b)(6) motion to dismiss (ECF# 12) is granted;

IT IS FURTHER ORDERED that the defendants' Rule 12(b)(6) motion to dismiss Heiland's claims (ECF# 14) is granted but the plaintiff Heiland is given 20 days to amend the complaint to cure the pleading deficiencies;

IT IS FURTHER ORDERED that the defendants' Rule 12(f) motion to strike is denied.

Dated this 30th day of December, 2019, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge