IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

QINGHUA ZHANG, and
STEVEN CRAIG HEILAND,

          Plaintiffs,

vs.                                       Case No. 19-4073-SAC

FEDERAL HOME LOAN
BANK OF TOPEKA,

          Defendant.

MEMORANDUM AND ORDER

On December 30, 2019, this court filed its order that, *inter alia*, granted the defendants' motion to dismiss the plaintiff Steven Craig Heiland's claim but also granted 20 days for Heiland to amend his complaint to cure the pleading deficiencies. ECF# 31. Upon the amended complaint's filing, the defendant Federal Home Loan Bank of Topeka ("FHLB") filed its answer to the amended complaint (ECF# 34) and a motion to dismiss the plaintiff Heiland's claim pursuant to Fed. R. Civ. P. 12(b)(6) (ECF# 35). This motion is ripe for ruling.

FHLB contends that the amended complaint "is not materially different" from the deficient original complaint and that the additional allegations are "conclusory" offering only that Heiland "observed" and "opposed" discrimination. ECF# 35, p. 2. In FHLB's estimation, the new allegations are ambiguous and conclusory and fail to offer enough details to state a plausible claim for retaliation. More specifically, FHLB contends the

plaintiff's allegations do not show that he engaged in protected activity or that FHLB interpreted his conduct as protected opposition. The mere observation of discrimination does not equate with opposing what one observes. Other than alleging he "reported his observations and opposition to the same to management," Heiland does not allege any details about his voiced opposition as to whom his reports were made, how they were made, and what was reported. Making observations is not protected unless it is to oppose unlawful conduct. The conclusory allegation that he "reported his observations and opposition to the same to management" is factually threadbare and does not contain enough facts to move his claim from conceivable to plausible. His conclusory allegations are made without any factual context to support a plausible claim.

In response, Heiland contends his amended complaint cures the pleading deficiencies by adding allegations that he made multiple statements to supervisors affirmatively reporting unlawful discrimination. Specifically, Heiland reads his complaint to allege that on multiple occasions he reported to management having seen Ms. Schultz not only engage in discriminatory treatment of Asian employees in the Quantitative Analysis Department but also exhibit demeaning behavior toward Mr. Zhang, the Asian Director of that same Department. Heiland alleges he was nicknamed, "Mother Hen," by the Asian employees because he actively supported the Asian employees and opposed unlawful discrimination against them. As for the details about

2

his reporting to management, the how, when and to whom, the plaintiff argues these questions are to be explored in discovery and do not keep his amended complaint from stating a plausible claim of retaliation.

In reply, FHLB reiterates the plaintiff's allegations are conclusory and lack the detail sufficient to push them across the line to plausible.

**Amended Complaint**

Most of the factual allegations to the plaintiff's amended complaint appear in a single narrative paragraph organized somewhat chronologically. Because it is a summary of events with only occasional allegations, it does not read like a typical complaint and does not facilitate applying Rule 12(b)(6). The court sets forth below the amended complaint as allegations.

In her retirement interview in September of 2018, Peg Schultz alleged the plaintiff Qinghua Zhang, the Director of Quantitative Analysis, directed derogatory remarks toward women and assigned administrative work to them. Mr. Zhang's manager, Michael Surface, verbally counseled Zhang in November of 2018 about these allegations. Ms. Schultz had been the "the only non-minority on Mr. Zhang's team." ECF# 33, p. 7. "Over the years, Mr. Zhang reported Ms. Schultz's discriminatory treatment of minorities and related demeaning behavior towards him and his staff to his manager, Mr. Surface." *Id*. The complaint alleges Mr. Surface took no action to stop Ms. Schultz's discrimination.

After the verbal counseling with Mr. Surface, Mr. Zhang wrote a report disputing Ms. Schultz's allegations and complaining about her discriminatory behavior against minority members of his team. Mr. Zhang met with Human Resource representatives on two occasions and discussed also his reports of Mr. Surface's discriminatory behavior toward minorities. In those discussions, Mr. Zhang reported that a co-worker, the plaintiff Steven Heiland, Director of Market Risk Operations, was a "witness of those behaviors." *Id.* The employer did not interview any of the alleged minority victims or Mr. Heiland even though Mr. Zhang had strongly encouraged it.

The amended complaint next alleges:

> Mr. Heiland observed Ms. Schultz's discriminatory treatment of minorities and related demeaning behaviors toward Mr. Zhang and his staff and he reported his observations and opposition to the same to management. Mr. Heiland observed Mr. Surface's discriminatory treatment of minorities and he reported his observations and opposition to the same to management. Mr. Heiland openly and actively supported minority employees and made management aware of his opinon regarding the unlawful discriminatory treatment of the same. Mr. Heiland was frequently and commonly referred to as the "Mother Hen" of the minority workers because of his open and active support and opposition to unlawful discrimination. Mr. Heiland, age 57, was repeatedly confronted by his co-worker, Cathy Parcaro, and his superior, Michael Surface, to inquire about his plans for retirement. On April 3, 2019, Mr. Zhang provided the bank a list of email exchanges between Mr. Zhang, Mr. Heiland and Mr. Surface. In those email exchanges, Mr. Zhang and Mr. Heiland reported Ms. Schultz's discriminatory behaviors toward minorities and some potential fraudulent activities in the department to Mr. Surface.

*Id.*

**Discussion**

To survive a motion to dismiss, a plaintiff does not have to establish a prima facie case of retaliation in his or her complaint, but "the elements of each alleged cause of action help to determine whether [the] [p]laintiff has set forth a plausible claim." *Khalik v United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). That the plaintiff "engaged in protected opposition to discrimination" is an element. *Id.* at 1193 (internal quotation marks omitted). The Tenth Circuit has summarized:

> The Supreme Court has defined "oppose" in this context by looking to its ordinary meaning: "to resist or antagonize; to contend against; to confront; resist; withstand, … to be hostile or adverse to, as in opinion." *Crawford v. Metro. Gov't of Nashville & Davidson Cty.*, 555 U.S. 271, 276, 129 S.Ct. 846, 172 L.Ed.2d 650 (2009) (citations and ellipsis omitted). Under this broad definition, "[w]hen an employee communicates to her employer a belief that the employer has engaged in a form of employment discrimination, that communication virtually always constitutes the employee's opposition to the activity." *Id.* (quotation marks, ellipsis, emphasis, and citation omitted); *see also Hertz v. Luzenac Am., Inc.*, 370 F.3d 1014, 1015 (10th Cir. 2004) ("Protected opposition can range from filing formal charges to voicing informal complaints to superiors.").

*Hansen v. SkyWest Airlines*, 844 F.3d 914, 925–26 (10th Cir. 2016).

For the most part, the plaintiff's allegations of protected activity are lacking in detail but are not entirely conclusory in character. He does allege that he reported to management the discriminatory treatment by Ms. Schultz and Mr. Surface which he had observed. Even more specifically, he alleges having exchanged emails with Mr. Surface reporting Ms. Schultz's discriminatory behavior and then provided FHLB a copy of his emails on April 3, 2019. The plaintiff's allegations could be more specific as to when he

observed this discriminatory conduct and to whom he reported it. *See Goddard v. Artisan Earthworks, LLC*, No. 09-2336-EFM, 2010 WL 3909834, at *6 (D. Kan. Oct. 1, 2010). And yet, the court is mindful that "[a]lthough no magic words are required, to qualify as protected opposition the employee must convey to the employer his or her concern that the employer has engaged in [an unlawful] practice." *Hinds v. Sprint/United Management Co.*, 523 F.3d 1187, 1203 (10th Cir. 2008). Heiland's allegations put forward that he has personally communicated complaints of observed discrimination to his supervisor and to management. The Tenth Circuit has held, however, that "[p]rotected opposition can range from filing formal charges to voicing informal complaints to superiors." *E.E.O.C. v. PVNF, L.L.C.*, 487 F.3d 790, 804 (10th Cir. 2007) (internal citation and quotation marks omitted). Drawing all inferences in plaintiff's favor, the court will accept the plaintiff's allegations as enough to avoid dismissal at this juncture.

IT IS THEREFORE ORDERED that the defendant FHLB's Rule 12(b)(6) motion to dismiss the plaintiff Heiland's claims (ECF# 35) is denied.

Dated this 10th day of March, 2020, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge