## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| QINGHUA ZHANG & STEVEN CRAIG HEILAND, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 5:19-4073-TC |
| FEDERAL HOME LOAN BANK OF TOPEKA, | ) ) | |
| Defendant. | ) ) ) | |

## PLAINTIFFS' PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS

Pursuant to the Amended Trial Order (Doc. 108) and D. Kan. Rule 51.1 (and after conferral), Plaintiffs Qinghua Zhang and Craig Heiland submit the following supplemental proposed jury instructions and Verdict Form, which were not agreed upon with authority cited.

Respectfully submitted,

*/s/ Brenda L. Head*
Brenda L. Head, #15657
FRIEDEN & FORBES, LLP
1414 SW Ashworth Pl., Ste. 201
Topeka, KS  66604
(785) 354-1100 Telephone
(785)354-1113 Facsimile
bhead@fflawllp.com
**ATTORNEYS FOR PLAINTIFFS**

INSTRUCTION NO. ___
(Statement of Claims and Defenses)

This instruction sets forth Plaintiffs' claims against Federal Home Loan Bank of Topeka, as well as the Bank's position on these claims. The claims, Bank's denial of the claims, and Bank's asserted defenses are not evidence, and you should not consider them as evidence. Each party's allegations must be established and proven by the evidence and according to the law as I will explain it to you momentarily. The following contentions simply explain the nature of the parties' dispute.

Plaintiff Zhang's Contentions:

Plaintiff Zhang brings three separate claims.

First, Plaintiff Zhang claims Federal Home Loan Bank of Topeka discriminated against him on the basis of his race by terminating his employment.

Second, Plaintiff Zhang claims Federal Home Loan Bank of Topeka retaliated against him by terminating his employment after he raised claims of discrimination based on race.

Third, Plaintiff Zhang claims his employment was wrongfully terminated in violation of public policy because he reported alleged violations of rules, regulations or the law pertaining to public health, safety, and the general welfare by the Bank.

Plaintiff Zhang claims he suffered damages in the form of lost wages and benefits, emotional distress, pain, suffering, inconvenience, mental anguish, humiliation, embarrassment, and damage to reputation.

Plaintiff Heiland's contentions:

Plaintiff Heiland brings two separate claims.

First, Plaintiff Heiland claims Federal Home Loan Bank of Topeka retaliated against him by terminating his employment after he raised claims of discrimination based on race and engaged in protected activity opposing discrimination and retaliation against Plaintiff Zhang.

Second, Plaintiff Heiland claims his employment was wrongfully terminated in violation of public policy because he reported alleged violations of rules, regulations or the law pertaining to public health, safety, and the general welfare by the Bank.

Plaintiff Heiland claims he suffered damages in the form of lost wages and benefits, emotional distress, pain, suffering, inconvenience, mental anguish, humiliation, embarrassment, and damage to reputation.

Defendant Federal Home Loan Bank of Topeka's contentions:

The Bank denies it discriminated or retaliated against Plaintiffs, and denies any unlawful activity or that Plaintiffs made any report of alleged unlawful activity before their employment ended.  Rather, the Bank terminated Plaintiffs' employment for legitimate, non-discriminatory and non-retaliatory reasons, specifically, because Plaintiffs engaged in insubordinate conduct and violated the Bank's policies.  Since terminating their employment, the Bank also discovered evidence that Plaintiffs were engaged in discriminatory conduct toward female employees, including their subordinates.

**<u>Authority:</u>**

Crouse Form Instructions (modified for two Plaintiffs)

INSTRUCTION NO. ___

A party who must prove something by a preponderance of the evidence must persuade you that its claims are more probably true than not true.  To prove something is more likely to be true than not true does not necessarily depend on a greater number of witnesses or the length of the presentation of testimony, but instead means the greater weight of credible evidence, taken together in context. In other words, a preponderance of the evidence means evidence that, when considered and compared with the opposing evidence, has more convincing force, and produced in your minds the belief that what is sought to be proved is more likely true than not true.  If the evidence on an issue is equally balanced, then the party with the burden to prove its claim by a preponderance of the evidence must fail.

This rule does not, of course, require proof to an absolute certainly.  Proof to an absolute certainly is seldom possible in any case.  Additionally, you have probably heard the phrase "proof beyond a reasonable doubt."  That is a stricter standard than "more likely true than not true."  It applies in criminal cases, but not in this civil case, so put it out of your mind.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, all exhibits received in evidence and any stipulations entered by the parties.  You may consider this evidence regardless of which party presented the evidence at trial.

**Authority:**

Crouse Form Instruction (p. 10) modified to comport with Jury Instruction 5 given in *Donahue v. UPS, Inc.*, Case No. 19-2725 (Crouse) (Doc. 127).

INSTRUCTION NO. ___

Plaintiff Zhang's claim of discrimination based on race is brought under a federal law known as Title VII of the Civil Rights Act of 1964, as amended, often called Title VII.

Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, is designed to assure equality of employment opportunities and to ensure that all persons enjoy full and adequate protection against employment discrimination.

Title VII makes it an unlawful employment practice for an employer:

1.     To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, the terms, conditions or privileges of employment, because of such individual's race; or

2.     To limit, segregate or classify employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee because of such individual's race.

**Authority:**

42 U.S.C. § 2000e-2; H.R. REP. 102-40, 2, 1991 U.S.C.C.A.N. 694, 694, 1991 WL 87020, 1 (purpose).

INSTRUCTION NO. ___

The Plaintiffs' claim that the Defendant retaliated against them in violation of a federal statute called Title VII.  The purpose of Title VII is to protect the rights of individuals to be free from workplace discrimination and harassment based on race.  The anti-retaliation protection in Title VII provides that it is unlawful for an employer to retaliate against an individual because he in good faith opposed what he believed were discriminatory or retaliatory employment practices or because he has made a charge, testified, assisted or participated in any manner in any investigation, proceeding or hearing governed by Title VII.

**Authority:**

42 U.S.C. § 2000e-3(a) (Title VII)

INSTRUCTION NO. ___

In order for Plaintiff Zhang to establish his claim for discrimination based on race under Title VII, he must prove the following by a preponderance of the evidence:

1.    The Defendant terminated his employment.  (The parties have stipulated to this element as fact and no further proof is required).

2.    The Plaintiff's race was a motivating factor for the Defendant's action.

If you find that the Plaintiff has failed to prove element 2 by a preponderance of the evidence, then you must find against him on his discrimination claim and in favor of the Defendant.  If, on the other hand, you find that the Plaintiff has proved element 2 by a of preponderance of the evidence, then you must find in his favor and against Defendant.

**Authority:**

*Elmore v. Capstan, Inc.*, 58 F.3d 525, 529 (10th Cir. 1995).  *See also Texas Dept. of Comm. Affairs v. Burdine*, 450 U.S. 248, 256 (1981), *citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792 804-05 (1973).

INSTRUCTION NO. ___

The Plaintiff is not required to prove that his race was the sole or exclusive motivating factor for the Defendant's decision(s) or that all of the Defendant's stated reasons for his termination were false. The Plaintiff must prove only that his race was a motivating factor. That is, the Plaintiff's race was a factor that made a difference in the Defendant's decision to terminate his employment.

In determining whether race was a "motivating factor" in the Defendant's decision to terminate Plaintiff Zhang, you may consider any statements made or act done or admitted by the Defendant, and all other facts and circumstances in evidence indicating state of mind. An improper motive, if it exists, is seldom directly admitted and may or may not be inferred from the existence of other facts.

**Authority:**

42 U.S.C. A. § 2000e-2(m); *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 94 (2003) (recognizing a Plaintiff may prevail on a discrimination case even when more than one factor motivated the employer's employment decision); *Fye v. Oklahoma Corp. Comm'n*, 516 F.3d 1217 (10th Cir. 2008); *Elmore v. Capstan, Inc.*, 58 F.3d 525, 530 (10th Cir. 1995); *James v. Sears, Roebuck & Co.*, 21. F.3d 989, 992 (10th Cir. 1994); *Stover v. Martinez*, 382 F.3d 1064, 1076 (10th Cir. 2004); *Texas Dept. of Comm. Affairs v. Burdine*, 450 U.S. 248, 256 (1981), *citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804-05 (1973).

INSTRUCTION NO. ___

The Plaintiffs' claims that the Defendant's stated reasons for its adverse employment action are not the true reasons, but instead are a pretext (an excuse) to cover up for race discrimination. If you do not believe one or more of the reasons the Defendant employer offered for termination, then you may, but are not required to, infer that race was a factor that made a difference in the Defendant's decision. The Plaintiffs need not disprove every reason stated by the Defendant in order to prove pretext.

The Plaintiffs may show that the Defendant's stated reasons for its decisions are pretextual (not the true reason) in any of several ways. Some examples of ways (although these are not the only ways) in which you may determine that Defendant's stated reasons are pretext are:

Evidence that any one of the Defendant's stated reasons for the decisions are false, contradictory or implausible; or

Evidence that Defendant changed the stated reasons for their decision; or

Evidence that the Defendant acted contrary to a written or unwritten company policy or an established company practice when terminating Plaintiffs; or

Evidence that the Defendant did not uniformly enforce its own rules; or

Evidence that the Defendant otherwise exhibited disturbing procedural irregularities in dealing with Plaintiffs; or

The criteria used to evaluate the employee was entirely subjective.

If you find pretext, you may, but are not required to infer that race was a factor that made a difference in the employer's treatment of Plaintiff.

**Authority:**

*Reeves v. Sanderson Plumbing Products, Inc.*, 120 S.Ct. 2097, 2108-09 (2000); *Townsend v. Lumberman's Mut. Cas. Co.*, 294 F.3d 1232, 1241 (10th Cir. 2002); *Village of Arlington Heights v. Metropolitan Housing Development Corporation*, 429 U.S. 252, 266-68 (1977) (disturbing procedural irregularities; *Plotke v. White*, 405 F.3d 1092, 1102 (10th Cir. 2005) (rejection of the Defendant's proffered legitimate reason for the adverse employment action will permit the trier of fact to infer the ultimate fact of intentional discrimination); *Green v. New Mexico*, 420 F.3d 1189, 1195 (10th Cir. 2005) (use of subjective criterion); *Townsend v. Lumberman's Mutual Cas. Co.*, 294 F.3d 1232, 1241 (10th Cir. 2002) (if jury disbelieves an employer's proffered explanation they may—but need not—infer that the employer's true motive was discriminatory); *Selenke v. Med.*

*Imaging of Colo., Inc.*, 248 F.3d 1249, 1261 (10th Cir. 2001) (pretext must be resolved by reference to the person making the decision at the time the decision is made); *Kendrick v. Penske Transp. Servs. Inc.*, 220 F.3d 1220, 1230 (10th Cir. 2000); *Tyler v. Re/Max Mtn. States, Inc.*, 232 F.3d 808, 813 (10th Cir. 2000) (if at the time of the adverse employment decision the decision maker gave one reason, but at the time of trial gave another reason which was unsupported by the documentary evidence, the jury could reasonably conclude that the new reason was a pretextual after-the-fact justification); *Bullington v. United Airlines, Inc.*, 186 F.3d 1301, 1318 (10th Cir. 1999), overruled on other grounds by *AMTRAK v. Morgan*, 536 U.S. 101 (2002) (the relevant inquiry is limited whether the decision-maker honestly believed the proffered reasons and acted in good faith upon those beliefs); *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997); *Spulak v. K-Mart Corp.*, 894 F.2d 1150, 1155 (10th Cir. 1990) (disparate enforcement of rules); and *Mohammed v. Callaway*, 698 F.2d 395 (10th Cir. 1983) (disturbing procedural irregularities).

*See also Matthews v. Euronet Worldwide, Inc.*, 2008 WL 822461, *4 (10th Cir. 2008) ("[T]o the extent the Defendants' articulated reasons were subjective in nature, they are supported by objective facts."); *Riggs v. AirTran Airways, Inc.*, 497 F.3d 1108, 1118-19 (10th Cir. 2007) (the existence of subjective factors alone is not considered evidence of pretext; Plaintiff must produce circumstantial evidence in context to show pretext); *Santana v. City & County of Denver*, 488 F.3d 860, 865 (10th Cir. 1007) (minor differences in treatment do not show pretext; there must be an "overwhelming disparity"); *Piercy v. Maketa*, 480 F.3d 1192, 1200 (10th Cir. 2007) ("Even a mistaken belief can be a legitimate, non-pretextual reason for an employment decision."); *Antonio v. Sygma Network, Inc.*, 458 F.3d 1177, 1183 (10th Cir. 2006) (strong inference that stated reasons are not pretextual where same decision maker is involved in both positive and adverse employment actions); *Perry v. St. Joseph Reg. Med. Ctr.*, 110 F.App'x 63, 68 (10th Cir. 2004) ("Pretext is not established by virtue of the fact that an employee has receive some favorable comments in some categories or has, in the past, received some good evaluations."); *Jones v. Barnhart*, 349 F.3d 1260, 1267-68 (10th Cir. 2003) (pretext typically should be inferred only when the criteria are "entirely subjective in nature"); *Denny v. City of Albany*, 247 F.3d 1172, 1189-90 (11th Cir. 2001) (inconsistencies that do not relate to the decision at issue are not evidence of pretext); *Belgasem v. Water Pik Tech, Inc.*, 457 F.Supp.2d 12205, 1213 (D. Colo. 2006) (adverse actions with respect to different positions is not evidence of pretext); *Tyler v. Re/Max Mtn. States, Inc.*, 232 F.3d 808 (10th Cir. 2000) ("[W]hen the Plaintiff casts substantial doubt on many of the employer's multiple reasons, the jury could reasonably find the employer lacks credibility."); *Bryant v. Farmers Ins. Exchange*, 432 F.3d 1114, 1127 (10th Cir. 2005) (denying summary judgment where Plaintiff demonstrated that one of many of the Defendant's stated reasons was pretextual, stating, "It is not simply a question of how many of the Defendant's reasons a Plaintiff has refuted, but rather a question of whether casting doubt on a particular justification necessarily calls into doubt the other justifications.").

INSTRUCTION NO. ___

You have heard evidence that the Defendant's treatment of the Plaintiffs may have been motivated by a desire to discriminate or retaliate against the Plaintiffs.  If you find that discrimination or retaliation was a motivating factor in Plaintiffs' terminations, as determined by direct or circumstantial evidence, then Plaintiffs are entitled to your verdict even if you find that the terminations were also motivated by a non-discriminatory or non-retaliatory reason.

However, if you find that the Defendant was motivated by both discriminatory or retaliatory and non-discriminatory or non-retaliatory reasons, you must decide whether the Plaintiffs are entitled to damages.  The Plaintiffs are entitled to damages unless the Defendant proves by a preponderance of the evidence that the Defendant would have treated the Plaintiffs the same even if discrimination or retaliation had played no role in the employment decisions.

**Authority:**

42 U.S.C § 2000e-2(m); *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 94 (2003); *Price Waterhouse v. Hopkins*, 490 U.S. 228, 244-45 (1989); *Fye v. Oklahoma Corp. Comm'n*, 516 F.3d 1217 (10th Cir. 2008); *Davey v. Lockheed*, 301 F.3d 1204, 1213-14 (10th Cir. 2002).  *See also Medlock v. Ortho Biotech, Inc.*, 164 F.3d 545, 550 (10th Cir. 1999); *Kenworthy v. Conoco, Inc.*, 979 F.2d 1462, 1471 (10th Cir. 1992).

INSTRUCTION NO. ___

To establish a claim of Title VII retaliation, Plaintiff Zhang must prove that:

1.    Plaintiff Zhang reported discrimination and retaliation against himself and other minorities in his department;

2.    Defendant took an action that a reasonable employee would have found materially adverse; and

3.    Defendant would not have taken the challenged employment decision but for the Plaintiff's protected activity.

If you find that the Plaintiff has proven each of these elements by a preponderance of the evidence, then you must find for the Plaintiff and against the Defendant on this claim.  If, on the other hand, you find that the Plaintiff failed to prove any one or more of these elements, by a preponderance of the evidence, then you must find against him on this claim and in favor of the Defendant.

**<u>Authority:</u>**

The "but for" causation standard adopted from ADEA claims in *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009) is also applicable to retaliation claims under Title VII.  *University of Texas Southwestern Medical Center v. Nassar*, 57 U.S. ___ 2013.    The anti-retaliation provisions contained in Title VII, the ADA and the ADEA are almost verbatim and the same standard has consistently been applied.  42 U.S.C. § 2000e-3 (Title VII); 29 U.S.C. § 623(d) (ADEA); 42 U.S.C. § 12203(a) (ADA).  See also *Burlington Ne. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006) (Title VII); *Gunnell v. Utah Valley State College*, 152 F.3d 1253, 1262-63 (10th Cir. 1998) (Title VII); *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1381 (10th Cir. 1994) (Title VII); *Johnson v. Weld County, Colorado*, 594 F.3d 1202 (10th Cir. 2010) (ADA); *Woods v. Boeing Co.*, 355 F.App'x 206 (10th Cir. 2009) (ADEA); *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1201 (10th Cir. 2008 (ADEA retaliation); *Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1208 (10th Cir. 2007) (ADA retaliation); *Roberts v. Roadway Express*, 149 F.3d 1098, 1103 & 1103 n.1 (10th Cir. 1998) (§ 1981).

INSTRUCTION NO. ___

To establish a claim of Title VII retaliation, Plaintiff Heiland must prove that:

1.      Plaintiff Heiland opposed discrimination and retaliation against Zhang and other minorities in the department;

2.      Defendant took an action that a reasonable employee would have found materially adverse; and

3.      Defendant would not have taken the challenged employment decision but for the Plaintiff's protected activity.

If you find that the Plaintiff has proven each of these elements by a preponderance of the evidence, then you must find for the Plaintiff and against the Defendant on this claim.  If, on the other hand, you find that the Plaintiff failed to prove any one or more of these elements, by a preponderance of the evidence, then you must find against him on this claim and in favor of the Defendant.

**Authority:**

The "but for" causation standard adopted from ADEA claims in *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009) is also applicable to retaliation claims under Title VII.  *University of Texas Southwestern Medical Center v. Nassar*, 57 U.S. ___ 2013.    The anti-retaliation provisions contained in Title VII, the ADA and the ADEA are almost verbatim and the same standard has consistently been applied. 42 U.S.C. § 2000e-3 (Title VII); 29 U.S.C. § 623(d) (ADEA); 42 U.S.C. § 12203(a) (ADA).  See also *Burlington Ne. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006) (Title VII); *Gunnell v. Utah Valley State College*, 152 F.3d 1253, 1262-63 (10th Cir. 1998) (Title VII); *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1381 (10th Cir. 1994) (Title VII); *Johnson v. Weld County, Colorado*, 594 F.3d 1202 (10th Cir. 2010) (ADA); *Woods v. Boeing Co.*, 355 F.App'x 206 (10th Cir. 2009) (ADEA); *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1201 (10th Cir. 2008 (ADEA retaliation); *Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1208 (10th Cir. 2007) (ADA retaliation); *Roberts v. Roadway Express*, 149 F.3d 1098, 1103 & 1103 n.1 (10th Cir. 1998) (§ 1981).

INSTRUCTION NO. ___

A "materially adverse" action is any action by the employer that is likely to discourage a reasonable worker in the Plaintiffs' position from exercising his rights under Title VII.

**Authority:**

*Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 141 L.Ed.2d 633, 118 S.Ct. 2257, 2268 (1998) (conduct is adverse employment action if it "constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits"); *Jones v. Okla. City Pub. Sch.*, 617 F.3d 1273, 1279-80 (10th Cir. 2010) (holding that Plaintiff suffered an adverse employment action where reassignment led to decrease in benefits and a loss of professional prestige, even though it was not a demotion); *Medina v. Income Support Division*, 413 F.3d 1131, 1137 (10th Cir. 2005) (disciplinary actions short of termination can be considered adverse employment actions if they increase the likelihood that the employee will be terminated or otherwise affect the employee's future employment prospects.); *Hillig v. Rumsfeld*, 381 F.3d 1028, 1032-33 (10th Cir. 2004) (finding of adverse employment action where negative references would seriously harm future employment prospects); *Stinnett v. Safeway*, 337 F.3d 1213, 1217 (10th Cir. 2003) (finding transfer to be an adverse employment action because even where Plaintiff "maintained her wage level, seniority, and title…there is evidence that the reassignment resulted in a de facto reduction in responsibility and required a lesser degree of skill"); *Roberts v. Roadway Express, Inc.*, 149 F.3d 1098, 1104 (10th Cir. 1998) (evidence that employer had "'papered' [Plaintiff's] file with negative reports including two written reprimands…are the kinds of serious employment consequences that adversely affected or undermined [Plaintiff's] position, even if he was not discharged, demoted or suspended"); *Jeffries v. State of Kansas, Dept. of Social and Rehabilitation Services*, 147 F.3d 1220, 1231 (10th Cir. 1998) (Plaintiff's allegation that after she complained, her supervisor would not supervise her and issued threats that her contract would not be renewed at end of year was sufficient to raise a genuine factual dispute as to whether she suffered an adverse employment action in retaliation of her complaint); *Gunnell v. Utah Valley State College*, 152 F.3d 1253, 1264 (10th Cir. 1998) (employer may be liable for retaliatory acts of coworkers); *Corneveaux v. CUNA Mut. Ins. Group*, 76 F.3d 1498, 1507 (10th Cir. 1996) (showing of adverse employment action where employee required to "go through several hoops" in order to obtain severance benefits); *Berry v. Stevinson Chevrolet*, 74 F.3d 980, 986 (10th Cir. 1996) (showing of adverse employment action where employer reported Plaintiff of suspected crime thereby creating risk of humiliation and damage to reputation); *Marx v. Schnuck Mkts., Inc.*, 76 F.3d 324, 329 (10th Cir. 1996) (noting that pattern of retaliation began with Plaintiff being "written up"); *Hooks v. Diamond Crystal Specialty Foods, Inc.*, 997 F.2d 793, 799 (10th Cir. 1993) (reassignment may be an adverse employment action when the employee "receives less pay, has less responsibility, or is required to utilize a lesser degree of skill than his previous assignment"), *overruled on other grounds by Buchanan v. Sherrill*, 51 F.3d 227, 229 (10th Cir. 1995).

INSTRUCTION NO. ___

In order to prove that Plaintiffs' employer would not have taken the challenged employment decision but for the Plaintiffs' protected activity, Plaintiffs do not need much to show that his protected activity was the sole motivating factor in the employment decision. Instead, an employer may be held liable for retaliation even if other factors contributed to the employer making the challenged decision, so long as retaliation was the factor that made a difference.

**Authority:**

*Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009); *Jones v. Okla. City Pub. Sch.*, 617 F.3d 1273, 1277-78 (10th Cir. 2010); *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993).

INSTRUCTION NO. ___

The Plaintiffs' activities in opposing a practice he believed is unlawful under Title VII is protected activity even though it is based on a mistaken but reasonable good faith belief that Title VII has been violated.

**Authority:**

*Crumpacker v. Kan. Dept. of Human Res.*, 338 F.3d 1163, 1171-72 (10th Cir. 2003) (*citing Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 269 (2001)).

INSTRUCTION NO. ___

Protected activities include making a charge of discrimination or retaliation, or testifying, assisting or otherwise participating in any manner in his own or someone else's charge of discrimination or retaliation, investigation, proceeding or hearing under Title VII.

In this case, Plaintiff Zhang asserts he engaged in the following protected activities:

- Reporting discrimination of minorities in the department;
- Reporting discrimination against himself in the handling of his discrimination complaint;
- Reporting discrimination by Peg Schultz; and
- Reporting discrimination by Michael Surface

In this case, Plaintiff Heiland asserts he engaged in the following protected activities:

- Reporting discrimination of minorities in the department;
- Supporting Plaintiff Zhang's allegations of discrimination and retaliation;
- Opposing discrimination of Plaintiff Zhang and minorities; and
- Being a witness to discrimination of minorities

The Plaintiff must prove that he actually participated in protected activities, but the Plaintiff does not have to prove that the underlying charge, investigation, proceeding or hearing was successful.

**Authority:**

42. U.S.C. § 2000e-3(a) (Title VII); 29 U.S.C. § 623(d) (ADEA); 42 U.S.C. § 12203(a) (ADA). *See also Robbins v. Jefferson County Sch. Dist.*, 186 F.3d 1253 (10th Cir. 1999), *abrogated on other grounds Nat'l .R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002); *Jeffries v. State of Kansas*, 147 F.3d 1220, 1231 (10th Cir. 1998); *Sauers v. Salt Lake County*, 1 F.3d 1122, 1128 (10th Cir. 1993).

INSTRUCTION NO. ___

If you find that the Defendant unlawfully discriminated or retaliated against the Plaintiffs on the basis of their claims of race discrimination and/or retaliation, then you must determine the amount of back pay that the Plaintiffs prove was caused by the Defendant's wrongful conduct.

In determining back pay, you must make several calculations:

First, calculate the amount of pay and bonuses that Plaintiffs would have earned had they not been terminated from the date of that termination until today's date.

Then calculate and add the value of the employee benefits (health, life and dental insurance, vacation leave, incentive payments, bonuses, etc.) that Plaintiffs would have received had they not been terminated from the date of that termination until the date of trial.

Then, subtract from this sum the amount of pay and benefits that Plaintiffs actually earned from other employment during this time.

**<u>Authority:</u>**

Federal Employment Jury Instructions, § 1:1260; Model Jury Instructions (Civil) Eighth Circuit § 5.02 (1998).

INSTRUCTION NO. ___

If you find that the Defendant unlawfully discriminated or retaliated against the Plaintiff on the basis of race, then you must determine an amount that is fair compensation for Plaintiff's losses. You may award compensatory damages for injuries that the Plaintiff proved were caused by the Defendant's wrongful conduct. The damages that you award must be fair compensation, no more and no less.

You may award damages for any emotional distress, pain, suffering, inconvenience or mental anguish, embarrassment, humiliation or damage to reputation that Plaintiff experienced as a consequence of the wrongful conduct. No evidence of monetary value of such intangible things as pain and suffering has been, nor need be, introduced into evidence. There is no exact standard for setting the compensation to be awarded for these elements of damages. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in making an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on speculation or guesswork. On the other hand, the law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

**Authority:**

42 U.S.C. § 1981a.

INSTRUCTION NO. ___

Plaintiffs' claims of retaliatory discharge under the whistleblowing exception to the at-will employment doctrine requires Plaintiffs to show by clear and convincing evidence that:

1.    A reasonably prudent person would have concluded that the employer or a coworker was engaged in activities that violated rules, regulations or the law pertaining to public health and safety and the general welfare;

2.    The employer had knowledge that the employee had knowledge that the employee reported the violation prior to his discharge; and

3.    The employee was discharged in retaliation for making the report.

Internal whistleblowing is recognized as an actionable tort in Kansas.  The reporting activities must seek to stop unlawful conduct pertaining to public health and safety and the general welfare by a coworker or an employee through the intervention of a higher authority inside the company. Proximity in time between the claim and discharge is a typical beginning point for proof of causal connection.

**Authority:**

Judge Crow Memorandum and Order, Doc. 100 at pages 40-41, citing *Lykins v. CertainTeed Corp.*, 555 Fed.Appx. 791, 794 (10th Cir. Feb. 12, 2014) (quoting *Shaw v. Sw. Kan. Groundwater Mgmt. Dist. Three*, 42 Kan.App.2d 994, 219 P.3d 857, 862 (2009) (citing *Goodman v. Wesley Med. Ctr., L.L.C.*, 276 Kan. 586, 78 P.3d 817, 821 (2003)), rev. denied, 291 Kan. 913 (Oct. 7, 2010).  *Bergersen v. Shelter Mut. Ins. Co.*, 229 Fed.Appx. 750, 753-54 (10th Cir. 2007) (quoting *Rebarchek v. Farmers Co-op Elevator*, 272 Kan. 546, 35 P.3d 892, 899 (2001).

INSTRUCTION NO. ___

In this case, the Plaintiffs claim the Defendant acted in a willful or malicious manner towards Plaintiffs related to their whistleblowing retaliatory discharge claims. If you award the Plaintiffs actual damages, then you may consider whether punitive damages should be allowed and in what amount. Punitive damages may be allowed in the jury's discretion to punish a Defendant and to deter others from like conduct.

The Plaintiffs must prove by clear and convincing evidence that the Defendant acted in a willful or malicious manner toward Plaintiffs. Evidence is clear and convincing if it shows that the truth of the fact asserted is highly probable. Willful conduct is intentionally or purposefully doing wrong or causing injury to another. Malice is the intent to do harm without any reasonable justification or excuse.

If you find the Defendant did one or more of the acts claimed by the Plaintiffs you should then determine whether the Plaintiffs have presented clear and convincing evidence that the Defendant acted in a willful or malicious manner toward Plaintiffs. You may consider the following factors to determine the amount of punitive damages:

1.  The likelihood at the time of the alleged misconduct that serious harm would arise from the Defendant's misconduct;

2.  The degree of the Defendant's awareness of that likelihood;

3.  The profitability of the Defendant's misconduct;

4.  The duration of the misconduct and any intentional concealment of it;

5.  The attitude and conduct of the Defendant upon discovery of the misconduct;

6.  The financial condition of the Defendant; and

7.  The total deterrent effect of other damages and punishment imposed upon the Defendant as a result of the misconduct, including, but not limited to, compensatory, exemplary and punitive damage awards to persons in situations similar to those of the Plaintiffs and the severity of the criminal penalties to which the Defendant has been or may be subjected.

If you determine punitive damages should be allowed, your finding must be entered in the verdict form along with the amount you think Plaintiffs should receive.


**Authority:**

P.I.K. 4th, 171.44 modified and modified Jury Instruction 21 given in *Donahue v. UPS, Inc.*, Case No. 19-2725 (Crouse) (Doc. 127).

**In the United States District Court**
**for the District of Kansas**

---

Case No. 19-4073

---

QINGHUA ZHANG AND STEVEN CRAIG HEILAND,

*Plaintiffs*

v.

FEDERAL HOME LAN BANK OF TOPEKA,

*Defendant*

---

## **VERDICT FORM**

### **Verdict Regarding Plaintiff Zhang**

We, the jury, present the following answers to the questions submitted by the Court, to which we have unanimously agreed:

### **Part A**

**Question 1:**  Was Plaintiff Zhang's race a motivating factor in Defendant Federal Home Loan Bank of Topeka's decision to terminate his employment?

_____ YES  _____ NO

*Proceed to Part B.*

### **Part B**

**Question 2:**  Did Plaintiff Zhang engage in protected activity and/or complained of race discrimination during his employment with Defendant Federal Home Loan Bank of Topeka?

_____ YES  _____ NO

*If you answer "yes," proceed to Question 3.  If you answer "no," skip to Part C.*

**Question 3:**  Did Defendant Federal Home Loan Bank of Topeka terminate Plaintiff Zhang's employment in retaliation for his protected activity and/or complaints of race discrimination?

_____ YES  _____ NO

*Proceed to Part C.*

## Part C

**Question 4:**  Did Plaintiff Zhang make a good faith report of activities in violation of rules, regulations or the law pertaining to public health, safety or the general welfare to Defendant Federal Home Loan Bank of Topeka management prior to the termination of his employment?

_____ YES  _____ NO

*If you answer "yes," proceed to Question 5.  If you answered "no," skip to Part D.*

**Question 5:**  Did Defendant Federal Home Loan Bank of Topeka terminate Plaintiff Zhang's employment in retaliation for his good faith report of activities in violation of rules, regulations or the law pertaining to public health, safety or the general welfare to the Defendant Bank's management prior to the termination of his employment?

_____ YES  _____ NO

**Question 6:**  Do you find Defendant Federal Home Loan Bank of Topeka acted in a willful or malicious manner to terminate Plaintiff Zhang in retaliation for his good faith reporting?

_____ YES  _____ NO

## Part D

*Complete this Part D if you have answered "yes" to at least one of the following questions: Question 2, Question 3 or Question 5.*

*If you answered "no" to all of Question 2, Question 3 and Question 5, then skip to Part E.*

**Question 7:**  For any damages that you find that Defendant Federal Home Loan Bank of Topeka caused Plaintiff Zhang, write in the sum of money that would fairly and reasonably compensate Plaintiff Zhang for each category of damages listed below.  Answer in dollars and cents for these categories of damages and do not consider or include any other categories of damages.

(a)      Back pay and benefits from the date of Plaintiff Zhang's termination, through today:

$_____

(b)    Front pay and benefits after today

$_____

(c)    Compensatory damages for emotional distress, pain, suffering, inconvenience, mental anguish, humiliation, embarrassment or damage to reputation.

$_____

(d)    Punitive damages for violating Title VII.

$_____

**Part E**

**Question 8:**  If you awarded any amount in response to Question 7 and you found (in response to Question 6) that Defendant Federal Home Loan Bank of Topeka acted in a willful or malicious manner to terminate Plaintiff Zhang in retaliation for his good faith report(s), then you may choose to award punitive damages to Plaintiff Zhang on his whistleblower retaliatory discharge claim.  If you so choose, then write in the amount that you award to Plaintiff Zhang as punitive damages on this claim.  Answer in dollars and cents for punitive damages only as to the whistleblower retaliatory discharge claim, and do not consider or include any other categories of damages or Plaintiff Zhang's other claims.

$_____

**Part F**

**Question 9:**  Was the jury's agreement on the above questions unanimous?

_____ YES    _____ NO

The jury foreperson must sign and date this Verdict Form regarding Plaintiff Zhang below.


_____    _____
Date                                          Foreperson

**Verdict Regarding Plaintiff Heiland**

We, the jury, present the following answers to the questions submitted by the Court, to which we have unanimously agreed?

## Part A

**Question 1:** Was Plaintiff Heiland's opposition to discrimination and retaliation against Plaintiff Zhang and other minorities a motivating factor in Defendant Federal Home Loan Bank of Topeka's decision to terminate his employment?

_____ YES _____ NO

*If you answer "yes," proceed to Question 2. If you answer "no," skip to Part B.*

**Question 2:** Did Defendant Federal Home Loan Bank of Topeka terminate Plaintiff Heiland's employment in retaliation for his protected activity and/or complaints of discrimination and/or retaliation?

_____ YES _____ NO

*Proceed to Part B.*

## Part B

**Question 3:** Did Plaintiff Heiland make a good faith report of activities in violation of rules, regulations or the law pertaining to public health, safety or the general welfare to Defendant Federal Home Loan Bank of Topeka management prior to the termination of his employment?

_____ YES _____ NO

*If you answer "yes," proceed to Question 4. If you answer "no," skip to Part C.*

**Question 4:** Did Defendant Federal Home Loan Bank of Topeka terminate Plaintiff Heiland's employment in retaliation for his good faith report of activities in violation of rules, regulations or the law pertaining to public health, safety or the general welfare to the Defendant Bank's management prior to the termination of his employment?

_____ YES _____ NO

*If you answered "yes," proceed to Question 5. If you answered "no," skip to Part C.*

**Question 5:** Do you find Defendant Federal Home Loan Bank of Topeka acted in a willful or malicious manner to terminate Plaintiff Heiland in retaliation for his good faith reporting?

_____ YES _____ NO

*Proceed to Part C.*

## Part C

*Complete this Part C if you have answered "yes" to at least one of the following questions: Question 2 or Question 4.*

*If you answered "no" to both Question 2 and Question 4, then skip to Part D.*

**Question 6:** For any damages that you find that Defendant Federal Home Loan Bank of Topeka caused Plaintiff Heiland, write in the sum of money that would fairly and reasonably compensate Plaintiff Heiland for each category of damages listed below. Answer in dollars and cents for these categories of damages and do not consider or include any other categories of damages.

(a)     Back pay and benefits from the date of Plaintiff Heiland's termination, through today:

$_____

(b)     Front pay and benefits after today

$_____

(c)     Compensatory damages for emotional distress, pain, suffering, inconvenience, mental anguish, humiliation, embarrassment or damage to reputation.

$_____

(d)     Punitive damages for violating Title VII.

$_____

## Part D

**Question 7:** If you awarded any amount in response to Question 6 and you found (in response to Question 5) that Defendant Federal Home Loan Bank of Topeka acted in a willful or malicious manner to terminate Plaintiff Heiland in retaliation for his good faith report(s), then you may choose to award punitive damages to Plaintiff Heiland on his whistleblower retaliatory discharge claim. If you so choose, then write in the amount that you award to Plaintiff Heiland as punitive damages on this claim. Answer in dollars and cents for punitive damages only as to the whistleblower retaliatory discharge claim, and do not consider or include any other categories of damages or Plaintiff Heiland's other claims.

$_____

## Part E

**Question 8:**  Was the jury's agreement on the above questions unanimous?

_____ YES  _____ NO

The jury foreperson must sign and date this Verdict Form regarding Plaintiff Heiland below.

_____  _____

Date  Foreperson

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 20th day of July, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send a notice of electronic filing to the following:

Eric E. Packel
Emma R. Schuering
Meghan F. Hanson
POLSINELLI PC
900 W. 48th Place, Suite 900
Kansas City, MO 64112
epackel@polsinelli.com
eschuering@polsinelli.com
mhanson@polsinelli.com
**ATTORNEYS FOR DEFENDANTS**

*/s/ Brenda L. Head*
Brenda L. Head, #15657