**In the United States District Court
for the District of Kansas**

———————————

Case No. 19-cv-4073-TC

———————————

QINGHUA ZHANG, ET AL.,

*Plaintiffs*

v.

FEDERAL HOME LOAN BANK OF TOPEKA,

*Defendant*

———————————

**JURY INSTRUCTIONS**

August 8, 2023

1

JURY INSTRUCTION NO. 1

Members of the Jury:

The presentation of evidence is now complete. I gave you some preliminary instructions at the outset of this case, and I now give you these final instructions. In the interest of clarity, I will read the instructions to you, and each of you will have a copy of the instructions in the jury room.

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every civil case—for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

## JURY INSTRUCTION NO. 2

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision about the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

No single instruction or smaller group of instructions states the law; instead, you must consider all the instructions as a whole. You are not to concern yourselves with the wisdom of any of these instructions.

Thus, you have no right to disregard or give special attention to any one instruction, or to question the correctness of any rule that I may state to you. You must not substitute or follow your own notion or opinion about what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. You should not read into these instructions (or anything else that I may have said or done) any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without sympathy or bias for or against any party. You must consider and decide this case as a lawsuit between persons of equal standing in the community. A business entity is entitled to the same fair and impartial treatment as an individual. The law does not permit jurors to be governed by sympathy, prejudice, or public opinion.

You must not allow yourself to be influenced by anything other than the issues of this case, the evidence in this case, and the law that I have provided in these instructions. To do otherwise would be a violation of your sworn duty and of the promises that you made before being accepted by the parties as jurors.

## JURY INSTRUCTION NO. 3

This instruction sets forth Plaintiffs' claims against Federal Home Loan Bank of Topeka, as well as the Bank's position on those claims. The claims, the Bank's denial of the claims, and the Bank's asserted defenses are not evidence, and you should not consider them as evidence. Each party's allegations must be established and proved by the evidence and according to the law as I will explain it to you momentarily. The following contentions simply explain the nature of the parties' dispute.

Plaintiff Zhang's contentions:

Zhang brings three separate claims.

First, Zhang claims the Bank discriminated against him on the basis of his race by terminating his employment.

Second, Zhang claims the Bank retaliated against him by terminating his employment after he raised claims of discrimination based on race.

Third, Zhang claims the Bank wrongfully and illegally terminated him because he reported the Bank's alleged violations of rules, regulations, or the law pertaining to public health, safety, and the general welfare.

Zhang claims he suffered damages in the form of lost wages and benefits, emotional pain and suffering, humiliation, embarrassment, mental anguish, and reputational damage.

Zhang must prove his first two claims—race discrimination and retaliation—by a preponderance of the evidence. Zhang must prove his third claim—retaliatory discharge—by clear and convincing evidence.

4

Plaintiff Heiland's contentions:

Heiland brings two separate claims.

First, Heiland claims the Bank retaliated against him by terminating his employment after he raised claims of discrimination based on race.

Second, Heiland claims the Bank wrongfully and illegally terminated him because he reported the Bank's alleged violations of rules, regulations, or the law pertaining to public health, safety, and the general welfare.

Heiland claims he suffered damages in the form of lost wages and benefits, emotional pain and suffering, humiliation, embarrassment, mental anguish, and reputational damage.

Heiland must prove his first claim—retaliation—by a preponderance of the evidence. Heiland must prove his second claim—retaliatory discharge—by clear and convincing evidence.

Defendant Federal Home Loan Bank of Topeka's contentions:

The Bank denies Plaintiffs' allegations. Specifically, the Bank denies it discriminated or retaliated against Zhang or Heiland, and it denies that it engaged in any unlawful activity or that Plaintiffs reported any unlawful activity before they were discharged. Instead, the Bank claims it terminated Plaintiffs' employment for legitimate, non-discriminatory and non-retaliatory purposes, specifically, because Plaintiffs engaged in insubordinate conduct and violated the Bank's policies. Since terminating their employment, the Bank also discovered evidence that Plaintiffs were engaged in discriminatory conduct toward female employees, including their subordinates.

JURY INSTRUCTION NO. 4

Burden of proof means burden of persuasion. Zhang has the burden to prove race discrimination, retaliation, and retaliatory discharge. Heiland has the burden to prove retaliation and retaliatory discharge. In determining whether Zhang or Heiland has met this burden you must consider all admitted evidence, whether presented by Plaintiffs or Defendant.

Zhang must persuade you of his claim for race discrimination by the preponderance of the evidence. Zhang and Heiland must also persuade you of their claims for retaliation by the preponderance of the evidence. A party that has the burden to prove a claim by the preponderance of the evidence must persuade you that the claim is more probably true than not true.

Zhang and Heiland must persuade you of the truth of their claims for retaliatory discharge by clear and convincing evidence. Evidence is clear and convincing if it shows that the truth of the fact asserted is highly probable.

## JURY INSTRUCTION NO. 5

To establish his claim of race discrimination, Zhang must prove each of the following elements by a preponderance of the evidence:

1. The Bank terminated Zhang's employment; and

2. Zhang's race was a motivating factor in the Bank's decision to terminate his employment.

The parties have stipulated to the first element as fact and no further proof is required.

Zhang must prove that race was a motivating factor, even if other factors also motivated the decision. "Motivating factor" means a consideration that moved the bank toward its decision. Zhang does not have to prove that unlawful discrimination was the only reason the Bank terminated him.

If you find that Zhang has not proved the second element, you must return a verdict in favor of the Bank. But if you find that Zhang has proved the second element, you must return a verdict in his favor.

JURY INSTRUCTION NO. 6

To establish his claim of retaliation, Plaintiff Zhang must prove each of the following elements by a preponderance of the evidence:

1. Zhang complained of race discrimination against himself or other minorities in his department;

2. Zhang's complaint was based on an objectively reasonable, good-faith belief that there was race discrimination in his department; and

3. The Bank terminated Zhang's employment on account of Zhang's complaint.

Zhang must prove that his complaint of race discrimination was the "but for" cause of the Bank's retaliation. In other words, Zhang must prove that the Bank would not have terminated his employment if he had not made his complaint. For Zhang's complaint to be the "but for" cause of the Bank's actions, the Bank must have acted with the intent to retaliate.

If you find that Zhang has not proved any element of this claim, you must return a verdict in favor of the Bank. But if you find that Zhang has proved every element, you must return a verdict in his favor.

JURY INSTRUCTION NO. 7

To establish his claim for retaliatory discharge, Zhang must prove the following elements by clear and convincing evidence:

1. A reasonable person would have concluded the Bank was engaged in activities that violated rules, regulations, or the law pertaining to public health, safety, and the general welfare;

2. Zhang reported in good faith to the Bank's management a concern regarding the aforementioned wrongful activity;

3. The Bank knew that Zhang had reported such a violation prior to his discharge; and

4. The Bank terminated Zhang in retaliation for making the report.

If you find that Zhang has not proved any element of this claim, you must return a verdict in favor of the Bank. But if you find that Zhang has proved every element, you must return a verdict in his favor.

JURY INSTRUCTION NO. 8

If you find for Zhang on any of his claims, then you must determine the amount of his damages. Conduct by the Bank that did not harm Zhang does not entitle him to damages. Similarly, harm to Zhang which is not the result of unlawful conduct by the Bank does not entitle Zhang to damages.

If you found the Bank unlawfully retaliated or discriminated against Zhang by terminating his employment, you may award Zhang reasonable compensation for (1) backpay, front pay, and benefits and (2) compensatory damages for emotional pain and suffering, humiliation and embarrassment, and mental anguish. Zhang must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork.

Any award must fairly compensate Zhang, but it must have a basis in the evidence and be reasonable in light of that evidence. If you award damages, your award must be fair compensation—no more and no less. In determining the amount of damages, you should be guided by dispassionate common sense. You should not add to or subtract from any award of damages on account of state or federal income tax, future lost wages and benefits, or attorney fees.

JURY INSTRUCTION NO. 9

To establish his claim of retaliation, Heiland must prove each of the following elements by a preponderance of the evidence:

1. Heiland complained of race discrimination against minorities in his department;

2. Heiland's complaint was based on an objectively reasonable, good-faith belief that there was race discrimination in his department; and

3. The Bank terminated Heiland's employment on account of Heiland's complaint.

Heiland must prove that his complaint of race discrimination was the "but for" cause of the Bank's retaliation. In other words, Heiland must prove that the Bank would not have terminated his employment if his had not made his complaint. For Heiland's complaint to be the "but for" cause of the Bank's actions, the Bank must have acted with the intent to retaliate.

If you find that Heiland has not proved any element of this claim, you must return a verdict in favor of the Bank. But if you find that Heiland has proved every element, you must return a verdict in his favor.

JURY INSTRUCTION NO. 10

To establish his claim for retaliatory discharge, Heiland must prove the following elements by clear and convincing evidence:

1. A reasonable person would have concluded the Bank was engaged in activities that violated rules, regulations, or the law pertaining to public health, safety, and the general welfare;

2. Heiland reported in good faith to the Bank's management a concern regarding the aforementioned wrongful activity;

3. The Bank knew that Heiland had reported such a violation prior to his discharge; and

4. The Bank terminated Heiland in retaliation for making the report.

If you find that Heiland has not proved any element of this claim, you must return a verdict in favor of the Bank. But if you find that Heiland has proved every element, you must return a verdict in his favor.

12

## JURY INSTRUCTION NO. 11

If you find for Heiland on any of his claims, then you must determine the amount of his damages. Conduct by the Bank that did not harm Heiland does not entitle him to damages. Similarly, harm to Heiland which is not the result of unlawful conduct by the Bank does not entitle Heiland to damages.

If you found the Bank unlawfully retaliated against Heiland by terminating his employment, you may award Heiland reasonable compensation for (1) backpay, front pay, and benefits and (2) compensatory damages for emotional pain and suffering, humiliation and embarrassment, and mental anguish. Heiland must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork.

Any award must fairly compensate Heiland, but it must have a basis in the evidence and be reasonable in light of that evidence. If you award damages, your award must be fair compensation—no more and no less. In determining the amount of damages, you should be guided by dispassionate common sense. You should not add to or subtract from any award of damages on account of state or federal income tax, future lost wages and benefits, or attorney fees.

13

JURY INSTRUCTION NO. 12

The Bank, as an employer, is entitled to exercise its own business judgment over the management of its personnel and internal affairs. It is the employer's right to manage and control its employees by disciplining and discharging employees, provided the employer's actions are not taken for an unlawful reason.

An employer has the right to make employment decisions for good reasons, bad reasons, or no reasons at all, so long as the employment decision is not made for unlawful reasons, including discrimination or retaliation. You may not return a verdict for either Plaintiff just because you might disagree with the Bank's decisions or believe them to be harsh, unreasonable, unfair, or even a violation of the Bank's own policies and procedures.

Additionally, when evaluating Plaintiffs' claims, you should not consider whether the reasons offered by the Bank were wise, fair, correct or too harsh. Rather, you must consider only whether the Bank honestly believed those reasons and acted in good faith upon those belief.

14

## JURY INSTRUCTION NO. 13

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

JURY INSTRUCTION NO. 14

There are, generally speaking, two types of evidence you may consider. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

JURY INSTRUCTION NO. 15

Although you must consider all of the evidence, you are not required to accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either Plaintiffs or the Defendant? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

17

JURY INSTRUCTION NO. 16

The parties stipulate to the following:

1. Plaintiff Zhang's employment with Defendant Federal Home Loan Bank of Topeka began on January 16, 2007.

2. Plaintiff Zhang was working as the Director of Quantitative Analysis when Defendant Federal Home Loan Bank of Topeka terminated his employment on March 5, 2019.

3. Plaintiff Heiland's employment with Defendant Federal Home Loan Bank of Topeka began on May 6, 1999.

4. Plaintiff Heiland was working as Director of Market Risk Operations when Defendant Federal Home Loan Bank of Topeka terminated his employment on April 29, 2019.

5. Plaintiff Zhang never reported any allegation of fraud by Defendant Federal Home Loan Bank of Topeka externally to the Federal Housing Finance Agency ("FHFA") during his employment with Defendant Federal Home Loan Bank of Topeka.

6. Plaintiff Heiland never reported any allegation of fraud by Defendant Federal Home Loan Bank of Topeka externally to the FHFA during his employment with Defendant Federal Home Loan Bank of Topeka.

A stipulation means that all parties agree that these facts are true. Because there was no disagreement over these facts, there was no need for the parties to present evidence on these facts. You must accept these facts as true for the purposes of your deliberations.

JURY INSTRUCTION NO. 17

For each witness, you are to determine the weight and credit to give that witness's testimony. You have a right to use your common knowledge and experience in evaluating witness testimony.

The testimony of a witness may be discredited, or "impeached," by contradictory evidence or by evidence that at another time the witness has said or done something, or failed to say or do something, inconsistent with that witness's present testimony. You may consider such evidence only as far as it may impact the witness's credibility—that is, only in deciding the weight and credit you will give to that witness's testimony.

If you believe any witness has been so impeached, then it is your sole prerogative to give the testimony of that witness such credibility or weight, if any, that you think it deserves.

JURY INSTRUCTION NO. 18

During the trial, I have ruled on objections to the admission of certain things into evidence. Questions about the admissibility of evidence are solely questions of law for me to decide, and you must not concern yourselves with the reasons for my rulings. Neither may you draw any inferences from my rulings. Consider only the evidence admitted.

At other times during trial, I instructed you that I was admitting evidence for a limited purpose only. You may consider that evidence only for that specific purpose and must not consider it for any other purpose.

You may notice that some exhibits contain redactions. Portions of these exhibits have been redacted either because I have ordered them to be redacted or because the parties have agreed that redaction is appropriate (for example, irrelevant personal information such as birth dates will often be redacted from exhibits). You should disregard any redactions just as you would disregard any other evidence that I have excluded from the record.

JURY INSTRUCTION NO. 19

Nothing that I have said or done in the course of this trial—whether in these instructions, in any ruling on objections, or in any other remark that I may have made or action I may have taken—was intended to suggest how I would resolve any of the issues in this case. You must not speculate otherwise.

JURY INSTRUCTION NO. 20

I have instructed you concerning Plaintiff's damages, but that does not mean that I believe the Plaintiff should—or should not—prevail in this case. That decision rests with you.

## JURY INSTRUCTION NO. 21

In considering the evidence in this case, you are expected to use your good sense, consider evidence only for those purposes for which it has been admitted, and give it a reasonable and fair construction in light of your common knowledge of the natural tendencies and inclinations of human beings.

I remind you again that statements, objections, or arguments of the lawyers are not evidence. The function of the lawyers in this courtroom has been to call your attention to the evidence and to inferences that are helpful to their sides of the case.

Bear in mind that it would be a violation of your sworn duty to base a verdict upon anything but the evidence in and the law applicable to this case. That was the oath you took before the parties accepted you as jurors, and they have the right to expect nothing less.

JURY INSTRUCTION NO. 22

During your deliberations, that is, when all of you are together in the jury room, you are released from the admonition prohibiting discussion of the case. You may now discuss with each other the evidence and the law that has been presented in this case.

The admonition prohibiting discussion remains in effect, however, at any time when fewer than all of you are present in the jury room, or when you are away from the courthouse. The admonition about reading, listening to, or watching news reports about the case, doing any sort of independent investigation, or discussing the case with any third party, remains in effect at all times until I release you from this admonition. During your deliberations, you must not communicate with anyone else, by any means, about this case. This means you may not use any electronic device or media (like a phone, computer, or tablet), the Internet, any text or instant messaging service, or any social media apps (like Twitter, Facebook, Instagram, LinkedIn, YouTube, WhatsApp, and Snapchat) to research or communicate about what you have seen and heard in the courtroom.

Information that you find on the Internet or through social media might be incomplete, legally irrelevant, inaccurate, or even misleading. And the use of phones, tablets, or computers—and the news and social media apps on those devices—may inadvertently expose you to certain notices, popups, or advertisements that could influence your consideration of the matters that you have heard about in this courtroom.

In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors and the parties in this case. This would unfairly and adversely impact the

judicial process. Thus, until I accept your verdict and discharge you, you are only permitted to discuss the case with your fellow jurors during deliberations. You may discuss the case with them because they have seen and heard the same evidence and instructions on the law that you have, and it is important that you decide this case solely on the evidence presented during the trial, without undue influence by anything or anyone outside the courtroom. Again, you can only discuss the case during deliberations in the jury room when all of your fellow jurors are present there. I expect you to inform me, at the earliest opportunity, if you learn about or share any information about this case outside of the courtroom, or if you learn that another juror has done so.

JURY INSTRUCTION NO. 23

I have permitted you to take notes during the trial and cautioned you at the outset not to allow notetaking to interfere with your duty to listen and consider all of the evidence. I would like to again caution you.

There is a tendency to attach undue importance to matters that one has written down. And you may have declined to take notes on testimony that seemed unimportant at the time but has taken on greater importance now in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own, individual memory. They are not evidence, they are not a complete outline of the proceedings, and they are not to control over your own impressions or recollections from the trial. Each of you should rely on your own independent memory of what the evidence was, and you should not be unduly influenced by the notes of other jurors. If your memory differs from anyone's notes, including your own, you should rely on your memory and not the notes. Your collective memory, as a jury, is your greatest asset in deciding this case.

## JURY INSTRUCTION NO. 24

In a moment, you will be escorted to the jury room and each provided with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be available in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The next thing you should do is review the Court's instructions. Not only will your deliberations be more productive if you understand the legal principles on which your verdict must be based, but also for your verdict to be valid, you must follow the Court's instructions throughout your deliberations. Remember, you are the judge of the facts, but you are bound by your oath to follow the law as stated in these instructions.

To reach a verdict, all of you must agree. Your verdict must be unanimous, which means that all of you must agree on it. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. You must decide whether the Plaintiffs have proved their claims against the Bank by the requisite standard of proof.

A form of verdict has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each claim. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

JURY INSTRUCTION NO. 25

If you want to communicate with me at any time during your deliberations, please write down your message or question and give it to my law clerk, who will bring it to my attention. I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue.

None of you should ever attempt to communicate with me or anyone outside the jury deliberations about the case other than by a signed writing. And, again, until I receive your verdict you must not communicate with, or provide information to, anyone about this case by any means.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial, was meant to suggest to you what I think your decision should be. That is your exclusive responsibility.

## JURY INSTRUCTION NO. 26

A final suggestion from the Court—technically not an instruction on the law—might assist your deliberations: your attitude at the outset of, and during, deliberations is important. It is seldom productive for any juror, immediately upon entering the jury room, to make an emphatic expression of his or her opinion on the case or to announce a determination to stand for a certain verdict. The reason is this: we are all human, and it is difficult for us to back down from a position once definitively stated, even if we are later convinced it is unsound.

You and your fellow jurors have been selected for the purpose of doing justice. That requires deliberation—counseling together in an effort to agree. Have in mind at all times that you are a deliberative body, selected to function as judge of the facts in a controversy involving substantial rights of real parties. You will make a definite contribution to the efficient administration of justice, if and when you arrive at a just and proper verdict under the evidence that has been admitted. No one can ask more, and you will not be satisfied to do less.

You will now hear the closing arguments from counsel. Please give them your thoughtful attention.

**In the United States District Court**

————————————

Case No. 19-cv-04073-TC

————————————

QINGHUA ZHANG, ET AL.,

*Plaintiffs*

v.

FEDERAL HOME LOAN BANK OF TOPEKA,

*Defendant*

————————————

**VERDICT FORM**
August 8, 2023

## Verdict Regarding Plaintiff Zhang

We the jury, present the following answers to the questions submitted by the Court, to which we have unanimously agreed:

### Part A

**Question 1.** Was Plaintiff Zhang's race a motivating factor in Defendant Federal Home Loan Bank of Topeka's decision to terminate him?

_____ Yes

_____ No

*Proceed to Part B.*

## Part B

**Question 2.** Did Zhang make an objectively reasonable, good-faith complaint of race discrimination during his employment with Federal Home Loan Bank of Topeka?

_____ Yes

_____ No

*If you answered "No" to Question 2, skip to Part C. If you answered "Yes," proceed to Question 3.*

**Question 3.** Did Federal Home Loan Bank of Topeka terminate Zhang's employment in retaliation for his complaints of race discrimination?

_____ Yes

_____ No

*Proceed to Part C.*

## Part C

**Question 4:** Before the termination of Zhang's employment, did Zhang make a good-faith report to Federal Home Loan Bank of Topeka's management of activities in violation of rules, regulations, or the law pertaining to public health, safety, and the general welfare?

_____ Yes

_____ No

*If you answered "Yes" to Question 4, proceed to Question 5. If you answered "No," skip to Part D.*

32

**Question 5:** Did Federal Home Loan Bank of Topeka terminate Zhang's employment in retaliation for his good-faith report to its management of activities in violation of rules, regulations, or the law pertaining to public health, safety, and the general welfare?

_____ Yes

_____ No

*Proceed to Part D.*

## Part D

*Only complete Part D if you answered "Yes" to at least one of the following questions: Question 1, Question 3, or Question 5.*

*If you answered "No" to Question 1, Question 3, and Question 5, skip to Part E.*

**Question 7:** For any damages that you find Federal Home Loan Bank of Topeka caused Zhang, write the sum of money that would fairly and reasonably compensate Zhang for each category of damages listed below. Answer in dollars and cents for these categories of damages and do not consider or include any other categories of damages.

(a) Back pay and benefits from the date of Zhang's termination through today:

$_____

(b) Front pay and benefits after today:

$_____

33

(c) Compensatory damages for emotional pain and suffering, humiliation, embarrassment, and mental anguish:

$_____

## Part E

**Question 8:** Was the jury's agreement on the above questions unanimous?

_____ Yes

_____ No

The jury foreperson must sign and date this Verdict Form regarding Plaintiff Zhang below.

_____         _____
DATE                                    FOREPERSON

34

## <u>Verdict Regarding Plaintiff Heiland</u>

We the jury, present the following answers to the questions submitted by the Court, to which we have unanimously agreed:

### Part A

**Question 1:** Did Plaintiff Heiland make an objectively reasonable, good-faith complaint of race discrimination during his employment with Federal Home Loan Bank of Topeka?

_____ Yes

_____ No

*If you answered "Yes" to Question 2, proceed to Question 2. If you answered "No," skip to Part B.*

**Question 2:** Did Federal Home Loan Bank of Topeka terminate Heiland's employment in retaliation for his complaints of race discrimination?

_____ Yes

_____ No

*Proceed to Part B.*

35

**Part B**

**Question 3:** Before the termination of Heiland's employment, did Heiland make a good-faith report to Federal Home Loan Bank of Topeka's management of activities in violation of rules, regulations, or the law pertaining to public health, safety, and the general welfare?

_____ Yes

_____ No

*If you answered "Yes" to Question 3, proceed to Question 4. If you answered "No," skip to Part C.*

**Question 4:** Did Federal Home Loan Bank of Topeka terminate Heiland's employment in retaliation for his good-faith report to its management of activities in violation of rules, regulations, or the law pertaining to public health, safety, and the general welfare?

_____ Yes

_____ No

*Proceed to Part C.*

**Part C**

*Only complete Part C if you answered "Yes" to at least one of the following questions: Question 2 or Question 4.*

*If you answered "No" to Question 2 and Question 4, skip to Part D.*

**Question 6:** For any damages that you find Federal Home Loan Bank of Topeka caused Heiland, write the sum of money that would fairly and reasonably compensate

Heiland for each category of damages listed below. Answer in dollars and cents for these categories of damages and do not consider or include any other categories of damages.

   (a) Back pay and benefits from the date of Heiland's termination through today:

$\underline{\phantom{\hspace{4cm}}}$

   (b) Front pay and benefits after today:

$\underline{\phantom{\hspace{4cm}}}$

   (c) Compensatory damages for emotional pain and suffering, humiliation, embarrassment, and mental anguish:

$\underline{\phantom{\hspace{4cm}}}$

**Part D**

   **Question 7:** Was the jury's agreement on the above questions unanimous?

_____ Yes

_____ No

   The jury foreperson must sign and date this Verdict Form regarding Plaintiff Heiland below.

_____        _____
DATE                       FOREPERSON

37