**In the United States District Court
for the District of Kansas**

———————

Case No. 19-cv-04073-TC

———————

QINGHUA ZHANG &
STEVEN CRAIG HEILAND

*Plaintiffs*

v.

FEDERAL HOME LOAN BANK OF TOPEKA,

*Defendant*

———————

**MEMORANDUM AND ORDER**

After a five-day trial, a jury returned a verdict for Defendant Federal Home Loan Bank of Topeka. Plaintiffs Qinghua (Josh) Zhang and Steven Craig Heiland filed a motion for a new trial. Doc. 160. For the following reasons, Plaintiffs' motion is denied.

**I**

**A**

A court may "grant a new trial on all or some of the issues ... after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Trial courts have broad discretion in deciding whether to grant a new trial. *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984). But a "district court [must] not grant a new trial unless the errors [] created prejudice and affected a party's substantial rights." *Osterhout v. Bd. of Cnty. Comm'rs of LeFlore Cnty.*, 10 F.4th 978, 988 (10th Cir. 2021) (citing Fed. R. Civ. P. 61). The party seeking the new trial bears the burden of showing harmful error. *Nosewicz v. Janosko*, 857 Fed. App'x 465, 468 (10th Cir. 2021); *United States v. Quintanilla*, 193 F.3d 1139, 1146 (10th Cir. 1999) (motions for a new trial are disfavored). When reviewing a motion for a new trial, a court draws all inferences in the

1

light most favorable to the non-movant. *Burke v. Regalado*, 935 F.3d 960, 991 (10th Cir. 2019).

**B**

Familiarity with the factual background of this dispute is presumed. *See generally* Doc. 100 at 6–24. Plaintiffs Qinghua (Josh) Zhang and Steven Craig Heiland sued their former employer, Federal Home Loan Bank of Topeka, alleging that they were unlawfully terminated in retaliation for whistleblowing in violation of Title VII and Kansas common law. Doc. 89 at 2–5. Zhang also alleged he was terminated based on his race. *Id*. At the conclusion of a five-day trial, a jury found that the Bank had not unlawfully terminated either Plaintiff. Doc. 158.

The following facts provide context to the arguments in Plaintiffs' motion. Before and during trial, the parties proposed jury instructions and met outside the presence of the jury to finalize jury instructions. *See* Doc. 152. Before trial, Plaintiffs proposed a jury instruction that would explain to the jury what Title VII refers to, the purpose the law and its enactments, and what conduct it generally makes unlawful. Doc. 125 at 5. This instruction was not included in the Court's proposed jury instructions. *See* Doc. 141. Plaintiffs thereafter submitted a written objection, indicating their belief that their proposed instruction was needed to "differentiate Plaintiffs' claims for punitive damages under Title VII versus their punitive [damage] claim for retaliatory discharge . . . ." Doc. 145 at 2. Despite that written objection, Plaintiffs did not renew their objection at the final instructions conference that went through the entirety of the instructions and verdict form in significant detail. *See* Day 4 Tr. at 89–121. The instruction was therefore not included. *See* Doc. 151.

Prior to litigation, the Bank offered Zhang a severance package, which he declined. Doc. 160 at 4–5. At trial, Plaintiffs argued that the severance package should be admitted because the package undermined "the credibility of [the Bank's] position that he was insubordinate." *See* Day 2 Tr. at 105:12–13. It did so, Plaintiffs said, because the package was offered despite corporate policy not to offer packages to employees terminated for insubordination. Doc. 160 at 4. Evidence of the severance package was excluded pursuant to Fed. R. Evid. 408 as a settlement offer. *Id.*

Additionally, Plaintiffs argued that the timing of their terminations and lack of prior discipline definitively proved that the Bank retaliated against them. Doc. 160 at 5. Zhang was terminated the day after he

2

reported to his boss discrimination and the Bank's legal violations. *Id.* Heiland was placed on administrative leave the morning after Zhang declined the severance package. *Id.*

The parties tried their dispute to a jury over five days. After the jury was instructed at the close of the evidence, they submitted two questions during their deliberations. Doc. 156, 157. The jury then returned a verdict in favor of the Bank. Doc. 158. Plaintiffs have now moved for a new trial, claiming the jury instructions were procedurally and substantively improper, that certain evidence was improperly excluded, and that the verdict was against the overwhelming weight of the evidence. Doc. 160.

## II

Plaintiffs have failed to establish any errors that created prejudice and affected their substantial rights. As a result, their motion for a new trial is denied.

## A

Plaintiffs claim that the second question submitted by the jury during its deliberations indicates that the jury instructions were prejudicial to Plaintiffs' substantial rights. Doc. 160 at 2–3. Specifically, Plaintiffs argue that their proposed explanation of Title VII was erroneously excluded over Plaintiffs' objection and that the response provided to a written jury inquiry was improper. *Id.*

**1.** The Federal Rules of Civil Procedure establish a simple procedure for instructing the jury in civil cases and preserving any claimed errors. *See generally* 9C Wright & Miller, *Federal Practice & Procedure* § 2551 (3d ed. April 2023 update). "At the close of evidence or at any earlier reasonable time that the court orders, a party may file and furnish to every other party written requests for the jury instructions it wants the court to give." Fed. R. Civ. P. 51(a)(1). A court then "inform[s] the parties of its proposed instructions and proposed action on the requests before instructing the jury and before final jury arguments." *Id.* at 51(b)(1). Before giving the instructions to the jury, the court must "give the parties an opportunity to object on the record and out of the jury's hearing." *Id.* at 51(b)(2). A party who objects to an instruction or omission "must do so on the record, stating distinctly the matter objected to and the grounds for objection." *Id.* at 51(c)(1). If a party properly objects, they may assign as error an instruction actually given or a failure to give an instruction. *Id.* at 51(d)(1). But when

3

the objecting party does not preserve an error, the challenged instruction will be reviewed only for plain error. *Id.* at 51(d)(2).

The substance of the instructions actually given is viewed differently. Generally, the role of a district court is to draft jury instructions that accurately state the substantive law. *Martinez v. Caterpillar, Inc.*, 572 F.3d 1129, 1132 (10th Cir. 2009). If a party challenges the instructions later, the focus is on the instructions as a whole and whether they correctly state the governing law. *United States v. Cortez-Nieto*, 43 F.4th 1034, 1041 (10th Cir. 2022). The controlling question is whether the instructions misled the jury in any way and whether the jury sufficiently understood the legal issues presented and its duty to decide those issues. *Harte v. Bd. of Comm'rs*, 940 F.3d 498, 525 (10th Cir. 2019).

Moreover, a trial judge must reply to a jury's inquiries in a manner sufficient to "clear them away with concrete accuracy." *United States v. Olea-Monarez*, 908 F.3d 636, 639 (10th Cir. 2018) (quoting *Bollenbach v. United States*, 326 U.S. 607, 612–13 (1946)). "[A] district judge has a duty to guide the jury toward an intelligent understanding of the legal and factual issues it must resolve, particularly when the jury asks a question revealing its confusion over the central issue of a case." *Dansie v. Union Pac. R.R. Co.*, 42 F.4th 1184, 1198 (10th Cir. 2022) (internal quotations and citations omitted).

Plaintiffs' argument fails for procedural and substantive reasons. Procedurally, they failed to preserve their argument that excluding their proposed instruction explaining Title VII was error. Doc. 160 at 3–4. While they offered the instruction and objected to it in response to the Court's proposed jury instructions, Doc. 145, they did not advance that objection on the record at the instruction conference, *see* Day 4 Tr. At 89–121; Fed. R. Civ. P. 51(c)(1). But, even if they had, the instructions as a whole are substantively accurate and defined what Zhang needed to prove in order to establish his claim of discrimination. Plaintiffs cite no authority suggesting that failure to provide the jury with the explanation of Title VII was error, particularly when the context for Plaintiffs' explanation was to distinguish punitive damages for the separate federal and state claims. *See* Doc. 145.

**2.** Plaintiffs' other claim is that the Court's answer to a jury question "unduly overemphasized, magnified and duplicated matters which were already provided in the jury instructions." Doc. 160 at 3. In particular, the jury asked "regarding Question 5, page 33, does the term 'violation of rules, regulation or …' refer to federal and/or state rules

and regulations? Does this refer to the bank's policies and regulations?" Doc. 157. The answer, in pertinent part, was as follows:

> Please consider all the instructions as a whole, including Instruction 12, which states that '[y]ou may not return a verdict for either Plaintiff just because you might' find the Bank's decision(s) to be a 'violation of the Bank's own policies and procedures.' A qualifying violation with regard to Question 5 on page 33 and Question 3 on page 36 must be an infraction of state or federal rules, regulations, or the law pertaining to public health, safety, and the general welfare; it does not extend to internal company policies or procedures.

Doc. 157. In discussing the proposed answer, Plaintiffs objected to repeating language from Instruction 12, but agreed that the jurors should be directed to Instruction 12. Day 6 Tr. 3:3–3:17.

Plaintiffs contend this was error because the answer overemphasized Instruction 12. Doc. 160 at 3. This contention fails because the instruction as a whole—and Instruction 12 in particular— accurately stated the governing law. *See United States v. Sorensen*, 801 F.3d 1217, 1228–29 (10th Cir. 2015); *Welch v. Cabelka*, 301 F. App'x 825, 831 (10th Cir. 2008) ("There can be no error when a review of the jury instructions shows that the district court properly stated the applicable law."). And the answer did no more than was necessary to clear away the jury's confusion "with concrete accuracy." *See United States v. Duran*, 133 F.3d 1324, 1334 (10th Cir. 1998) (noting that a district court is obligated to answer juror questions "with concrete accuracy"; "vague answers" are not permitted). Accordingly, the answer to the jury question does not provide grounds for ordering a new trial.

### B

Plaintiffs also claim that excluding evidence of the severance package was prejudicial and entitles them to a new trial. Doc. 160 at 4–5. This claim fails.

An offer of compromise to settle a claim is excludable under Fed. R. Evid. 408. A district court's decision to exclude evidence is not grounds for a new trial unless its decision was "a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Fresquez v. BNSF Ry. Co.*, 52 F.4th 1280, 1311 (10th Cir. 2022). Generally, an error is harmless unless it is substantially likely the

5

outcome would have differed without the error. *United States ex rel. Barrick v. Parker-Migliorini Int'l, LLC*, 79 F.4th 1262, 1273 (10th Cir. 2023).

Plaintiffs suggest that excluding the severance offer was error because it was admissible to show pretext. Doc. 160 at 4–5. Specifically, the nature and amount of the severance package undermined "the credibility of [the Bank's] position that he was insubordinate" because the package was offered against corporate policy. *Id.*; Day 2 Tr. at 105:12–13.

Plaintiffs' argument underscores that evidence of the severance offer was properly excluded under Fed. R. Evid. 408. Plaintiffs wanted evidence of the settlement offer to suggest that the Bank knew its legal position was weak—precisely the improper inference Rule 408 tries to avoid. *See* Fed. R. Evid 408 Notes of Advisory Committee on Proposed Rules; *see also SCO Grp., Inc. v. Novell, Inc.*, 578 F.3d 1201, 1223 (10th Cir. 2009) (describing alternative rationale for settlement offers that do not include liability on the merits); *Bond*, 2023 WL 3589081 at *10 (describing that evidence of settlement discussions are barred when offered to prove liability). If settlement offers could be introduced to show culpability as Plaintiffs suggest, then they would rarely be made, undermining efforts to permit them. *See, e.g., Cribari v. Allstate Fire & Cas. Ins. Co.*, 861 F. App'x 693, 710 (10th Cir. 2021) (citing *Eisenberg v. Univ. of N.M.*, 936 F.2d 1131, 1134 (10th Cir. 1991) (recognizing that Rule 408 encourages settlement)). Thus, the severance offer evidence was properly excluded and provides no basis for a new trial.

## C

Finally, Plaintiffs assert that the verdict for the Bank was against the overwhelming weight of the evidence. The evidence suggests otherwise.

A court must affirm the jury verdict on a Rule 59(a) motion unless "it is clearly, decidedly, or overwhelmingly against the weight of the evidence." *Burke v. Regalado*, 935 F.3d 960, 991 (10th Cir. 2019). In other words, if the jury verdict has any basis in fact, a court shall not disturb it. *See M.D. Mark, Inc. v. Kerr–McGee Corp.*, 565 F.3d 753, 762–64 (10th Cir. 2009).

Plaintiffs assert that the timing of Plaintiffs' terminations was so suspect that the jury erred in not "causally connect[ing] the terminations as retaliatory." Doc. 160 at 5. Zhang was terminated the morning after he sent an email to his boss reporting discrimination and violation

6

of laws by the Bank. *Id.* Heiland's leave of absence began the morning after Zhang identified him as a witness when Zhang rejected the severance package he was offered. *Id.* And, Plaintiffs point out, both Zhang and Heiland were "senior management level Vice Presidents" with no history of "counseling or progressive discipline related to their terminations." *Id.*

But at trial, the Bank presented evidence suggesting that the terminations were not discriminatory or retaliatory. Rather, the Bank's evidence supported the conclusion that Zhang was terminated for insubordinate behavior and unsatisfactory progress, and that Heiland was terminated for discovered violations of the company's policies on anti-harassment and IT security.

The text of the Seventh Amendment confers on the jury—not an unelected federal judge—the authority to determine the facts and largely forbids reexamination of the facts the jury has found. U.S. Const. amend. VII; *see also Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 432–34 (1996) (explaining that the Seventh Amendment's Reexamination Clause retains trial court's authority to award a new trial if the verdict is against the weight of the evidence). This jury, despite the parties' competing evidence, chose the Bank's position. While another jury may have accepted Plaintiffs' version, that is no basis to disturb the verdict. *See Stroup v. United Airlines, Inc.*, 26 F.4th 1147, 1162 (10th Cir. 2022) (upholding a jury's verdict where evidence supported the conclusion that the employer's explanation was mere pretext); *Escue v. N. OK Coll.*, 450 F.3d 1146, 1159 (10th Cir. 2006) (affirming denial of a motion for a new trial where the jury could have reasonably disagreed with the proffered evidence's credibility).

### III

For the foregoing reasons, Plaintiffs' Motion for a New Trial, Doc. 160, is DENIED.

It is so ordered.

Date: January 25, 2024                              s/ Toby Crouse
                                                                Toby Crouse
                                                                United States District Judge